Filed 3/11/24  P. v. Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082699 |
| v. | (Super.Ct.No. FWV18001472) |
| STEVEN STEPHON WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Steven Stephon Williams, in pro. per.; and Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Steven Stephon Williams appeals from the trial court's denial of his in propria persona petition for resentencing on an enhancement he asserted

1

was imposed pursuant to Penal Code,[1] section 667.5, subdivision (b). (See former § 1171.1, recodified as § 1172.75 [invalidating certain enhancements imposed under § 667.5, subd. (b), and providing procedure for recall and resentencing].) The trial court appointed counsel for defendant and subsequently denied the petition because, as counsel acknowledged at the hearing on the petition, defendant "did not plead [guilty to], nor did the Court . . . sentence him [for a] prior prison [term] under 667.5(b)."

Defendant appealed and was appointed counsel. Counsel's record review and legal research disclosed no arguable issue to advance on appeal, including after consulting with Appellate Defenders, Inc. Counsel filed a brief requesting that we independently examine the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Counsel did not suggest any potential issues for our review. This court advised defendant he could file his own supplemental brief, and he did so.

In appeals from denial of postconviction relief, as here, the appellate court may conduct independent *Wende* and *Anders* review in its discretion. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 230-232.) When the defendant "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.)

Changing the premises of his argument on appeal, defendant contends in his supplemental brief that his conviction included a five-year habitual offender enhancement

---

[1] All further statutory references are to the Penal Code.

under section 667, subdivision (a)(1), for which he seeks resentencing, rather than for a section 667.5 prison prior as he alleged in his petition. He also alters the foundation for his claim for sentencing relief from section 1171.1 to 1172.1.

Even assuming arguendo that these new claims are not forfeited, there is no merit to defendant's contentions in his petition or on appeal. The record plainly contradicts them. The trial court did not impose any of the enhancements defendant claims it did.

Defendant admitted a prior strike under "P.C. 1170.12(a)-(d)," which, as reflected on his plea form, doubled to 12 years the base term of the home invasion robbery offense to which he also pled guilty. No enhancements under sections 667.5, subdivision (b), or 667, subdivision (a)(1), for which he now seeks relief were imposed; they are absent from his plea agreement, the court's sentencing colloquy, and its minute order and abstract of judgment. Defendant is simply factually mistaken in the premises for his argument. He is also mistaken as a matter of law because section 1171.1 by its terms does not apply to enhancements imposed under section 1170.12, nor have there been any changes to section 1170.12 since defendant's sentencing that could arguably trigger section 1172.1. The latter's recall and resentencing procedures, in any event, may only be initiated by the court on its own motion or by specified authorities, not the defendant. (§ 1172.1, subd. (a)(1).)

## DISPOSITION

The trial court's order denying defendant's request for postconviction relief is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____

Acting P. J.

We concur:

CODRINGTON _____

J.

FIELDS _____

J.